**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL PAT THOMPSON,

      Petitioner-Appellant,

v.

DAVID PARKER, Warden,

      Respondent-Appellee.

No. 10-6167
(D.C. No. 5:09-CV-01136-M)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Michael Pat Thompson, appearing with counsel, seeks to appeal from the

denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. *See* 28 U.S.C.

§ 2253(c)(1)(A) (state prisoner must obtain a certificate of appealability (COA)

before appealing denial of § 2254 relief). Because Thompson has not "made a

---

[*]    After examining petitioner-appellant's brief and appendix, this panel has determined unanimously that oral argument would not materially assist the determination of this proceeding. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), we deny his request for a COA and dismiss this appeal.

Thompson was convicted by an Oklahoma jury of four counts of sexually abusing a minor. He was sentenced to life imprisonment on each count and ordered to pay a $5,000 fine on each count. Thompson contends he is entitled to a COA on the following "propositions," Aplt. Opening Br. at 43: (1) trial and appellate counsel (the same individual) provided ineffective assistance by failing to challenge the overruling of discovery motions and the prosecutor's withholding of exculpatory evidence; (2) the state court or federal court should have granted Thompson a post-conviction evidentiary hearing; (3) Thompson was denied due process at trial by "the failure to instruct the jury pursuant to the statutory truth in sentencing 85% rule or its consequences, [which] operated to erroneously advise on the range of punishment," *id.* at 24 (quotations omitted), and he was denied effective assistance when counsel failed to raise the issue on direct appeal; (4) jury Instruction Number 18 violated Thompson's right to due process and he was denied effective assistance when counsel failed to raise the issue on direct appeal; (5) the prosecutor "diluted the 'beyond a reasonable doubt' standard," *id.* at 32, and Thompson was denied effective assistance when counsel failed to object at trial or raise the issue on direct appeal; (6) counsel was ineffective for failing to challenge Zumwalt's testimony at trial or on direct appeal; and

(7) Thompson received ineffective assistance of trial and appellate counsel, in violation of his Sixth and Fourteenth Amendment rights.

In a thorough and well-reasoned Report and Recommendation, a magistrate judge recommended denying Thompson's request for habeas relief. The district court judge considered Thompson's objections, concluded that the magistrate judge's recommendation was correct, and denied Thompson's habeas petition.

To be entitled to a COA, Thompson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).

We have undertaken a thorough review of Thompson's brief and appendix, the magistrate judge's well-stated Report and Recommendation, and the applicable law; Thompson is not entitled to a COA. Accordingly, we DENY Thompson's request for a COA and DISMISS this appeal.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-3-